**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **WENDY WEIR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 4:22cv01927** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Defendant" or "Lincoln") files this Answer to Plaintiff's Original Complaint (the "Complaint") filed by Plaintiff Wendy Weir ("Plaintiff"), and states as follows:

1. Lincoln admits Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)). Lincoln admits it issued Group Disability Income Policy numbered 000010200833 (the "Policy") to Texas Spine and Joint Hospital, Ltd. ("TX Spine & Joint") which Policy, at certain times, insured benefits paid by the Texas Spine and Joint Hospital Long Term Disability Plan ("the LTD Plan") sponsored by TX Spine & Joint, to provide certain benefits to participating, eligible employees of TX Spine & Joint. Lincoln admits Plaintiff was, at certain times, employed by TX Spine & Joint and was, at certain times, a participant in the LTD Plan. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 1 of the Complaint.

**PARTIES**

2. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

3. Lincoln admits the allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits it issued the Policy to TX Spine & Joint which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits the allegations contained in Paragraph 5 of the Complaint.

**JURISDICTION AND VENUE**

6. Lincoln admits that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)) under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln denies that venue of this action is proper in this Court. To the extent that Paragraph 7 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

**CONTRACTUAL AND FIDUCIARY RELATIONSHIP**

8. Lincoln admits Plaintiff was, at certain times, a participant in the LTD Plan. Lincoln admits it issued the Policy to TX Spine & Joint, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits Plaintiff was, at certain times, employed by TX Spine & Joint and a participant in the LTD Plan. Lincoln admits it issued the Policy to TX Spine & Joint, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits it issued the Policy to TX Spine & Joint with an effective date of January 1, 2015, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits it issued the Policy to TX Spine & Joint, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Lincoln admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action and that Plaintiff's claims in the Complaint are governed by ERISA. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. To the extent that Paragraph 12 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. To the extent that Paragraph 13 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. To the extent that Paragraph 14 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits it issued the Policy to TX Spine & Joint, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits it issued the Policy to TX Spine & Joint, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Lincoln admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits it issued the Policy to TX Spine & Joint, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that its decision on Plaintiff's claim for benefits from the LTD Plan under the Policy is the subject of the Complaint. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. To the extent that Paragraph 19 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. To the extent that Paragraph 20 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. To the extent that Paragraph 21 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. To the extent that Paragraph 22 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. To the extent that Paragraph 23 contains legal conclusions, Lincoln is not required to answer Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. To the extent that Paragraph 24 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln denies the allegations contained in Paragraph 25 of the Complaint.

26. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. To the extent that Paragraph 27 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. To the extent that Paragraph 28 contains legal conclusions, Lincoln is not required to answer. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. To the extent that Paragraph 29 contains legal conclusions, Lincoln is not required to answer Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. To the extent that Paragraph 30 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. To the extent that Paragraph 31 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. To the extent that Paragraph 32 contains legal conclusions, Lincoln is not required to answer. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. To the extent that Paragraph 33 contains legal conclusions, Lincoln is not required to answer. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. To the extent that Paragraph 34 contains legal conclusions, Lincoln is not required to answer. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

**ADMINISTRATIVE APPEAL**

34.(sic) Lincoln admits Plaintiff was, at certain times, employed by TX Spine & Joint as a Health Information Director. Lincoln admits that documents containing information concerning Plaintiff's date of birth are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in the second Paragraph numbered 34 of the Complaint.

35. To the extent that Plaintiff is relying on documents that are not contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, Lincoln states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Additionally, to the extent Plaintiff attempts to interpret the Dictionary of Occupational Titles, Lincoln refers to that document itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits that certain documents concerning Plaintiff's job description at TX Spine & Joint are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits Plaintiff's last day at work at TX Spine & Joint was February 22, 2019. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best

evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits Plaintiff's last day at work at TX Spine & Joint was February 22, 2019. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln admits Plaintiff submitted a claim for, and at certain times received, short-term disability benefits from the short-term disability benefit plan ("STD Plan") sponsored by TX Spine & Joint. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits Plaintiff submitted a claim for, and at certain times received, short-term disability benefits from the STD Plan sponsored by TX Spine & Joint. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits Plaintiff submitted a claim for benefits from the LTD Plan. Lincoln admits it issued the Policy to TX Spine & Joint, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan,

and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" and "Own Occupation" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln admits Plaintiff submitted a claim for, and at certain times received, disability benefits from the LTD Plan sponsored by TX Spine & Joint. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's earnings are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that the Policy includes language pertaining to the calculation of benefits as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln admits it sent letters to Plaintiff dated January 12, 2021, and June 25, 2021, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln admits it sent a letter to Plaintiff dated June 25, 2021, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln admits it sent letters to Plaintiff January 12, 2021, and June 25, 2021, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Lincoln admits it sent letters to Plaintiff dated January 12, 2021, and June 25, 2021, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln admits it received appeals dated January 19, 2021, and December 10, 2021, of the denial of Plaintiff's claim for further benefits from the LTD Plan, but Lincoln refers to the letters and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Lincoln admits it received appeals dated January 19, 2021, and December 10, 2021, of the denial of Plaintiff's claim for further benefits from the LTD Plan, but Lincoln refers to the letters and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan, along with additional documentation, which is contained in the administrative record, and Lincoln refers to the letters and documents themselves as the best evidence of their contents. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln

refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 54 of the Complaint.

55. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence

of its contents. Lincoln denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 60 of the Complaint.

61. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 62 of the Complaint.

63. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 63 of the Complaint.

64. Lincoln admits that nurse reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 64 of the Complaint.

65. Lincoln admits that nurse reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 65 of the Complaint.

66. Lincoln admits that nurse reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 66 of the Complaint.

67. Lincoln admits that nurse reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 67 of the Complaint.

68. Lincoln admits that physician peer reviews, nurse reviews, and occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to

the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 68 of the Complaint.

69. Lincoln admits it sent a letter to Plaintiff's counsel dated January 27, 2022, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 69 of the Complaint.

70. Lincoln admits it sent a letter to Plaintiff's counsel dated January 27, 2022, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 70 of the Complaint.

71. Lincoln admits it sent a letter to Plaintiff's counsel dated January 27, 2022, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 71 of the Complaint.

72. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 72 of the Complaint.

73. Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 73 of the Complaint.

74. Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 74 of the Complaint.

75. Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 75 of the Complaint.

76. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contains in Paragraph 76 of the Complaint.

## MEDICAL FACTS

77. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 77 of the Complaint.

78. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 78 of the Complaint.

79. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 79 of the Complaint.

80. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 80 of the Complaint.

81. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 81 of the Complaint.

82. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 82 of the Complaint.

83. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 83 of the Complaint.

84. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 84 of the Complaint.

85. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 85 of the Complaint.

86. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 86 of the Complaint.

87. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself

as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 87 of the Complaint.

88. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 88 of the Complaint.

89. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contains in Paragraph 89 of the Complaint.

90. Lincoln admits it issued the Policy to TX Spine & Joint, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 90 of the Complaint.

91. Lincoln denies all allegations contained in Paragraph 91 of the Complaint.

92. Lincoln denies all allegations contained in Paragraph 92 of the Complaint.

93. Lincoln admits that medical reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 93 of the Complaint.

94. Lincoln admits that medical reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 94 of the Complaint.

95. Lincoln admits that medical reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 95 of the Complaint.

96. Lincoln denies all allegations contained in Paragraph 96 of the Complaint.

97. Lincoln denies all allegations contained in Paragraph 97 of the Complaint.

**COUNT I:**

98. Lincoln incorporates its responses to Paragraphs 1-97 by reference as if fully set forth herein.

99. Lincoln denies all allegations contained in Paragraphs 99 and 99 a-d of the Complaint.

**COUNT II:**

100. Lincoln incorporates its responses to Paragraphs 1-99 by reference as if fully set forth herein.

101. Lincoln denies all allegations contained in Paragraph 101 of the Complaint.

102. Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs A-E thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to terminate Plaintiff's benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 25th day of July 2022.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Marc S. Whitehead
Email: marc@marcwhitehead.com

J. Anthony Vessel
Email: anthony@marcwhitehead.com

Britney Anne Heath McDonald
Email: britney@marcwhitehead.com

Madison Tate Donaldson
Email: madison@marcwhitehead.com

Selina Valdez
Email: selina@marcwhitehead.com

July 25, 2022 /s/ Iwana Rademaekers
Date Iwana Rademaekers